IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ODUNOLA SOWUNMI | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-4373 |
| | : | |
| AMERICAN AIRLINES, INC. | : | |

<u>**MEMORANDUM**</u>

**Judge Juan R. Sánchez**                                                              **May 10, 2024**

      Pro se Plaintiff Odunola Sowunmi was a passenger on a rescheduled flight from Jamaica to Philadelphia on May 6, 2022; she tested positive for COVID-19 five days later. In this suit, she brings two claims against Defendant American Airlines ("American") under the Montreal Convention, seeking damages and declaratory relief related to her COVID-19 infection (Counts I and III) and the overnight delay of her flight (Count II). American moves to dismiss the COVID-related counts, arguing Sowunmi has not pled facts showing American caused her to catch COVID-19 or that she suffered bodily injury. American also argues Count III is duplicative of Count I and does not assert an independent cause of action. Because Sowunmi has pled facts showing a causal link between her wrongful exposure to COVID-19 on American's flight and her subsequent infection, and further pled she suffered internal bodily injuries from that infection, the motion to dismiss will be denied as to Count I. And since Count III is a request for relief based on the claim asserted in Count I, the motion to dismiss will also be denied as to Count III.

**BACKGROUND**

      Odunola Sowunmi traveled to Jamaica on April 30, 2022, and was scheduled to return to the United States on May 5, 2022. Pl. First Am. Compl. (hereinafter "Am. Compl.") ¶ 4, ECF No. 11. Sowunmi's return flight was cancelled by American Airlines and rebooked for May 6, 2022. *Id*. ¶¶ 6, 16. At the time of her trip, the Center for Disease Control and Prevention ("CDC") and

the U.S. Department of Health and Human Services ("HHS") required all airline passengers on international flights to show proof of a negative COVID-19 test, or proof of recovery from COVID-19 in the last 90 days, to board flights. *Id*. ¶¶ 7-8. Sowunmi took a COVID-19 test on May 4th for her flight on May 5th, and when the flight was rescheduled, she took another test on May 5th. *Id*. ¶¶ 13, 17. On May 6th, however, American did not ask passengers for the required COVID-19 documentation. *Id*. ¶ 19.

During the flight, Sowunmi learned at least three other passengers had tested positive for COVID-19 on May 5th. *Id*. ¶¶ 24-27. These passengers removed their masks numerous times during the flight, including to sneeze and cough. *Id*. ¶¶ 31-32. Three days later, Sowunmi began experiencing COVID-19 symptoms, and five days after the initial exposure, she tested positive. *Id*. ¶¶ 35-36. She experienced severe symptoms, including damage to her olfactory epithelium and bulb, as well as to her blood vessels and brain cells. *Id*. ¶ 49. Sowunmi attributes her infection to her COVID-19 exposure on the May 6th flight, as she had taken extensive precautions during and after her entire trip. *See id*. ¶¶ 51-67. Those precautions included social distancing, masking, daily testing, and temperature checks. *Id*. ¶¶ 55-58. Sowunmi also avoided crowded areas, poorly ventilated indoor spaces, and public transit. *Id*. ¶¶ 59-60.

On October 19, 2023, Sowunmi initiated this action in state court, and on November 8, 2023, American removed it to federal court. Not. Removal, ECF No. 1. American filed a motion to dismiss on November 14, 2023, and Sowunmi filed an amended complaint within 21 days of service of the motion. *See* ECF Nos. 6, 11. Accordingly, the Court dismissed the motion to dismiss as moot pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Order, Nov. 27, 2023, ECF No. 12. American filed a second motion to dismiss on December 7, 2023. ECF No. 13. Sowunmi filed a response in opposition the same day, and American filed a reply brief on December 14, 2023.

*See* ECF Nos. 14, 18. Sowunmi then filed an unauthorized sur-reply on December 21, 2023. *See* ECF No. 25.[1] The parties also filed a flurry of frivolous motions and briefing, *see* ECF Nos. 15-17, 19-22, 24, all of which the Court denied. Order, Dec. 20, 2023, ECF No. 23.

**STANDARD OF REVIEW**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In evaluating a Rule 12(b)(6) motion, a district court must separate the legal and factual elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must assume the truth of all well-pleaded factual allegations, construe the facts and the reasonable inferences therefrom "in a light most favorable to the [plaintiff,]" and "determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Labs., LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 679) (alteration in original). Finally, the Court must construe pro se filings liberally. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**DISCUSSION**

American moves to dismiss Counts I and III of the First Amended Complaint. Br. Supp. Def. Am. Airlines' Mot. Dismiss (hereinafter "Br. Supp. Def.") 1, ECF No. 13. In Count I,

---

[1] The Court refers Sowunmi to Section II(E)(8) of its Policies & Procedures, available at https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/sanpol.pdf.

Sowunmi claims she contracted COVID-19 and experienced severe symptoms, including internal injuries, because of exposure to three infected passengers on the May 6th flight. Sowunmi attributes this exposure, in turn, to American's failure to require COVID-19-related documentation (a negative test or proof of recent recovery). American argues Sowunmi has not pled any facts showing American's conduct caused her infection, or showing she sustained a "bodily injury" within the meaning of the Montreal Convention. *Id*. As to Count III, Sowunmi asks for a declaration that "communicable disease[s] such as Covid-19 . . . and the bodily damages [it] causes constitute bodily injury under the Montreal Convention." Am. Compl. ¶ 87, ECF No. 11. American argues Count III should be dismissed because it is duplicative of Count I and asks for a remedy, instead of asserting a cause of action. Br. Supp. Def. 1, ECF No. 13. Because Sowunmi has pled facts which show causation and bodily injury, and because a request for relief should not be "dismissed" like a claim, the motion to dismiss will be denied.

The Convention for International Carriage by Air, referred to as the Montreal Convention, is an international agreement that governs airlines' liability for accidents during international air travel. *See* S. Treaty Doc. No. 106-45, 1999 WL 33292734. Article 17 of the Montreal Convention states, in pertinent part, a "carrier is liable for damage sustained in case of . . . bodily injury of a passenger upon condition only that the accident which caused the . . . injury took place on board the aircraft." *Id*. Art. 17. "An Article 17 claim thus has three elements: (1) an accident; (2) that caused . . . bodily injury; (3) that took place on the plane." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1172 (11th Cir. 2014); *accord Terrafranca v. Virgin Atl. Airways Ltd.*, 151 F.3d 108, 110 (3d Cir. 1998) (citing *E. Airlines, Inc. v. Floyd*, 499 U.S. 530, 535-36 (1991)).[2] American only

---

[2] The Montreal Convention modified a prior treaty, the Warsaw Convention. *See Badar v. Swissport USA, Inc.*, 492 F. Supp. 3d 54, 57 (E.D.N.Y. 2020). Because "many provisions of the conventions are similar, . . . courts continue to evaluate provisions of the Montreal Convention

challenges Sowunmi's claim under the second element, arguing she has not pled causation or bodily injury. The Court will address each argument in turn.

"Traditionally, courts have applied proximate cause analysis in determining an air carrier's liability under the Warsaw Convention." *Margrave v. British Airways*, 643 F. Supp. 510, 512 (S.D.N.Y. 1986) (citing cases). Proximate cause is usually a question of fact for a jury, but "where there is no issue of fact, the issue of proximate cause is one for the court to determine as a matter of law." *Heeter v. Honeywell Int'l, Inc.*, 195 F. Supp. 3d 753, 758 (E.D. Pa. 2016). American attacks Sowunmi's claim as "wholly speculative" and points out she has not identified a specific individual who had COVID-19, much less traced her infection to that individual. Br. Supp. Def. 6, ECF No. 13. American further notes Sowunmi could have been exposed to COVID-19 within a 14-day infection window that includes her time in Jamaica, various travel activities before the flight, and several days in Philadelphia after she deboarded. *Id*. at 7.

Though American's arguments are well taken, Sowunmi has pled that she took all recommended precautions and daily, negative COVID-19 tests leading up to her flight on May 6th; that American did not require passengers to provide documented proof of a negative COVID-19 test or recent recovery; and that three passengers admitted they had tested positive the day before, and then removed their masks to cough and sneeze. Am. Compl. ¶¶ 51-65 (precautions), 19 (documentation), 24-27, 31-32 (infected passengers), ECF No. 11. Three days after this exposure, Sowunmi began experiencing symptoms, and two days after her symptoms appeared, she tested positive for COVID-19. *Id*. ¶¶ 35-36. Unlike the cases American cites, Sowunmi has thus alleged "the amount of time between the . . . exposure and the date [she] began experiencing

---

using cases interpreting equivalent provisions in the Warsaw Convention. *Id*. (internal quotation marks and citations omitted).

5

COVID-19 symptoms," *Fish v. Princess Cruise Lines, Ltd.*, No. CV 20-3894, 2020 WL 11885533, at *4 (C.D. Cal. Aug. 21, 2020), as well as how American's "failure to adhere to [CDC and HHS regulations] … exposed [her] to COVID-19." *Brown v. United States*, No. 22-cv-404, 2023 WL 2632811, at *15 (M.D. Pa. Mar. 24, 2023). Drawing all inferences in favor of Sowunmi, the Court concludes she has sufficiently pled causation.

American also asserts Sowunmi has not pled facts alleging she suffered a "bodily injury" as is required under the Montreal Convention. Br. Supp. Def. 7-8, ECF No. 13. Sowunmi responds that "communicable disease" is compensable, she suffered internal injuries, and various authorities' definitions of bodily injury support her claim. Br. Supp. Pl.'s Resp. Opp'n 7-9 (ECF pagination), ECF No. 14.

The Montreal Convention's "bodily injury requirement has 'a distinctly physical scope.'" *Terrafranca*, 151 F.3d at 110-11 (quoting *Floyd*, 499 U.S. 530 at 547). Per the Third Circuit, "[a] plausible interpretation of that phrase [bodily injury] indicate[s] a 'general category of physical injuries that includes internal injuries caused, for example, by physical impact, smoke or exhaust inhalation, or oxygen deprivation." *Id*. at 110 (quoting *Floyd*, 499 U.S. at 541). Sowunmi claims she contracted COVID-19 after she was exposed to "particles and droplets of respiratory fluids" on the May 6th flight. Am. Compl. ¶ 35, ECF No. 11. This allegation is analogous to smoke or exhaust inhalation. *See Terrafranca*, 151 F.3d at 110. And she further alleges her infection resulted in, inter alia, internal injuries to various parts of her body. Am. Compl. ¶ 49, ECF No. 11. Sowunmi has thus pled facts alleging she suffered "bodily injury" within the meaning of the Montreal Convention. The motion to dismiss Count I will be denied.

American also asks the Court to dismiss Count III because "it is essentially . . . identical" to Count I. Br. Supp. Def. 1, ECF No. 13. This argument fails, as the Court has concluded Count

6

I should not be dismissed. American further argues Count III should be dismissed because a declaratory judgment is a remedy, not an independent cause of action. *Id*. While American correctly states a declaratory judgment is a remedy, *see* 28 U.S.C. § 2201(a), dismissal of Count III does not follow. The Court will treat Counts I and III as one claim which seek two forms of relief: damages and a declaratory judgment. Therefore, the motion to dismiss will also be denied as to Count III.

 An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.